UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARY C LIZALEK,

           Plaintiff,

v.                                                    Case No. 22-cv-0714-bhl

UNITED STATES OF AMERICA,[1]

           Defendant.

## ORDER GRANTING MOTION TO DISMISS

      This case pits the doctrine of sovereign immunity against a purported sovereign citizen. Plaintiff Gary C. Lizalek—who identifies as a "bailment" created, owned, and controlled by the United States—seeks to quash a third-party summons issued by the Internal Revenue Service (IRS) in an attempt to obtain certain documents pertaining to Lizalek's tax liabilities for tax years 2017 through 2020. (ECF No. 1 at 2-7.) The United States has moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that, because it has not waived sovereign immunity, this Court lacks jurisdiction. For the following reasons, that motion will be granted.

### BACKGROUND

      In December 2019, IRS Revenue Agent Blanche Jastrow opened an examination into Gary C. Lizalek's federal income tax returns to determine whether they understated his liabilities. (ECF No. 10 at 2.) On September 4, 2020, as part of the examination, Agent Jastrow sent Lizalek an Information Document Request (IDR) seeking documents pertaining to tax year 2018, but Lizalek refused to provide the requested documents. (*Id.*) The examination was then reassigned to IRS Revenue Agent Olurotimi Shodunke, who, on April 4, 2022, sent Lizalek a second IDR, this time seeking documents pertaining to tax years 2017 through 2020. (*Id.*) Again, Lizalek refused to provide the requested documents. (*Id.*) On May 27, 2022, hoping to obtain the documents from a different source, Agent Shodunke issued an IRS administrative summons to TCF National Bank.

---

[1] Plaintiff filed his case against the "Internal Revenue Service." (ECF No. 1.) But "[a]n action to quash an IRS summons is a suit against the United States." *Barmes v. United States*, 199 F.3d 386, 388 (7th Cir. 1999). The Court has therefore substituted the United States as the proper defendant in this action.

(*Id.* at 3.)  That same day, the IRS notified Lizalek of the summons via certified mail.  (*Id.*)  Lizalek received the notice on May 31, 2022 and initiated this action on June 21, 2022.  (ECF No. 1 at 6.)

## LEGAL STANDARD

To maintain an action against the United States, a plaintiff must plead jurisdictional facts that "identify a statute that confers subject matter jurisdiction on the district court and a federal law that waives the sovereign immunity of the United States to the cause of action."  *Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003).  Federal Rule of Civil Procedure 12(b)(1) permits a defendant to challenge either of these jurisdictional facts.  If such a challenge is levied, "the plaintiff bears the burden of supporting [his] allegations by competent proof."  *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).  Failure to do so will result in dismissal for want of subject matter jurisdiction.  *See United States v. Sherwood*, 312 U.S. 584, 586 (1941).

## ANALYSIS

Under 26 U.S.C. Section 7609(b)(2)(A), any person entitled to notice of a third-party IRS summons has "the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2)."  This provision establishes a precise period during which the United States will waive its sovereign immunity.  *See Runkle v. United States*, 129 F.3d 1268 (7th Cir. 1997).  Proceedings initiated outside of that period are jurisdictionally defective.

Lizalek does not dispute that the IRS *mailed* him notice of the third-party summons on May 27, 2022.  (ECF No. 1-1 at 3-4.)  But he argues that he did not actually receive notice until May 31, 2022, when the mail was *delivered*.  (ECF No. 15 at 1.)  And because the Court was closed in observance of Juneteenth on Monday, June 20, 2022, he insists his petition was timely filed the next day.  (ECF No. 1 at 6.)  The United States, on the other hand, contends that the delivery date is irrelevant, and, in fact, successful delivery is an aspiration, not a requirement.

Resolution of this dispute begins and ends with the language of the statute.  Section 7609(b)(2)(A) permits "any person who is entitled to notice of a summons . . . to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2)."  Section 7609(a)(2) states that notice is "sufficient if . . . mailed by certified or registered mail to [the intended recipient's] last known address."  Taken together, this means that "notice is given in the manner provided in subsection (a)(2)" when it is *mailed*, not when it is delivered.  After all, if Congress intended "notice" to require delivery, the

recipient's "last known address" would not suffice. Nearly every other court to consider this issue has reached the same conclusion. *See Shisler v. United States*, 199 F.3d 848, 850 (6th Cir. 1999); *Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990); *Stringer v. United States*, 776 F.2d 274, 275-76 (11th Cir. 1985); *Riggs v. United States*, 575 F.Supp. 738, 741 (N.D. Ill. 1983).

That means Lizalek's 20-day window to commence this action expired on June 16, 2022, five days before he actually did so. And as goes the 20-day window, so goes the government's waiver of sovereign immunity. *See Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985). Thus, because the government has not consented to suit here, this Court cannot entertain Lizalek's petition. While this may seem a harsh penalty for a mere five-day delay, the Supreme Court "has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957)). As a result, this Court is in no position to grant Lizalek any leeway.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the United States' Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), ECF No. 9, is **GRANTED**, and the case is **dismissed**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Lizalek's pending Motion to Strike, ECF No. 13, Motion to Compel, ECF No. 14, and Motion for Equal Protection and Due Process of Law, ECF No. 18, are **DENIED** as moot.

Dated at Milwaukee, Wisconsin on November 30, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge